# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 19-1703V
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * * *
FIDENCIO VELASQUEZ,

        Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.

* * * * * * * * * * * * * * * * * * * * * * * *

Chief Special Master Corcoran

Filed: April 16, 2024

*Scot Tyler Scheuerman*, Scheuerman Law Firm, PLLC, San Antonio, TX, for Petitioner.

*Zoe Wade,* U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION GRANTING IN PART MOTION FOR ATTORNEY'S FEES AND COSTS**[1]

On November 1, 2019, Fidencio Velasquez filed a petition for compensation under the National Vaccine and Injury Compensation Program (the "Vaccine Program").[2] (ECF No. 1) ("Pet."). Petitioner alleged that he developed Guillain-Barré syndrome ("GBS") related to his receipt of an influenza vaccine on November 1, 2016. Pet. at 1. After briefing the claim, I ultimately denied entitlement, and that determination was not appealed. Decision, dated January 31, 2024 (ECF No. 62) ("Decision").

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

1

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated March 12, 2024 (ECF No. 65) ("Final Fees Mot."). Petitioner requests a total of $87,510.22, reflecting $62,398.00 in fees incurred for the services of Mr. Tyler Scheuerman, Esq., plus $25,112.22 in costs. Final Fees Mot. at 1. Respondent reacted to the final fees request on March 14, 2024. Response (ECF No. 66) ("Response"). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Response at 2–3.

For the reasons set forth below, I hereby **GRANT** in part Petitioner's motion, awarding fees and costs in the total amount of **$85,912.12**.

## ANALYSIS

### I.  Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Petitioner's claim was ultimately unsuccessful, but I find it possessed sufficient objective basis to justify a fees and costs award. Although the record clearly establishes that Petitioner developed GBS after receiving a flu vaccine, issues of timing and alternative causation prevented him from establishing entitlement. Decision at 22-25. But Petitioner offered reasonable, contemporaneous treater support for his claim, and raised fair issues about vaccine causation under the circumstances of his treatment course. Thus (and in light of the low bar to reasonable basis determinations generally), I find that sufficient objective proof on this issue existed. And there is no other basis for a denial of fees.

## II. Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

3

(citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney, based on the years work was performed:

| Attorney | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|
| **Mr. Tyler Scheuerman** | $400.00 | $400.00 | $400.00 | $400.00 | $415.00 | $415.00 |

Final Fees Motion at 8-16.

Mr. Scheuerman practices in San Antonio, TX—a jurisdiction that is reasonably considered "in forum." Accordingly, he should be paid forum rates as established in *McCulloch,* consistent with prior fees decisions involving him. *See Tejeda v. Sec'y of Health & Hum. Servs.,* No. 20-525V, 2023 WL 2424896 (Fed. Cl. Spec. Mstr. Mar. 9, 2023). The rates requested are also consistent with what he has previously been awarded, in accordance with the Office of Special Masters' fee schedule.[5] *Sandoval v. Sec'y of Health & Hum. Servs.*, No. 20-0549V, 2022 WL 3641718 (Fed. Cl. Spec. Mstr. July 22, 2022). However, as previously observed in *Sandoval*, Mr. Scheuerman has applied his attorney fee rate to tasks that are better-suited for paralegals. (Indeed, Mr. Scheuerman recognizes this, and explains in his fees motions why he chooses not to employ a paralegal. Mot. at 2. He also acknowledges that this may require a reduction in his requested fees. *Id.*)

Counsel is not entitled to be compensated for paralegal tasks at attorney rate. I accordingly reduce the hourly rate for those tasks, resulting in a reduction of $1,598.10.[6]

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited April 11, 2024).

[6] Specifically, rate reductions are made for tasks relating to preparation of records requests, preparing routine filings such as statements of completion or intent to remain in the program, and organizing and sending exhibits. Additionally, Mr. Scheuerman billed a number of times for reviewing non-PDF docket entries. These include the following entries: four entries dated 9/16/19, totaling 1.20 hours; two entries dated 11/1/19, totaling 0.20 hours; an entry dated 2/13/20 totaling 0.20 hours; an entry dated 2/13/20, totaling 0.20 hours; three entries dated 3/6/20, totaling 0.90 hours; an entry dated 4/8/20, totaling 0.10 hours; an entry dated 4/29/20, totaling 0.10 hours; two entries dated 5/6/20, totaling 0.30 hours; one entry dated 5/7/20, totaling 0.20 hours; one entry dated 6/10/20, totaling 0.10 hours; two entries dated 6/12/20, totaling 0.20 hours; one entry dated 7/1/20, totaling 0.20 hours; one entry dated 12/10/20, totaling 0.30 hours; one entry dated 12/28/20, totaling 0.10 hours; one entry dated 1/13/21, totaling 0.10 hours; one entry dated 1/27/21, totaling 0.10 hours; entries dated 7/23/21 through 7/27/21, totaling 0.40 hours; one entry dated 9/24/21, totaling 0.10 hours; one entry dated 10/27/2021, totaling 0.10 hours; one entry dated 11/29/21, totaling 0.10 hours; one entry dated 12/7/21, totaling 0.10 hours; one entry dated 12/20/21, totaling 0.10 hours; two entries dated 4/5/22, totaling 0.30 hours; one entry dated 5/27/22, totaling 0.10 hours; one entry dated 7/1/22, totaling 0.10 hours; one entry dated 10/7/22, totaling 0.10 hours; one entry dated 10/13/22, dated 0.10 hours; one entry dated 10/21/22, totaling 0.10 hours;

### III. Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $25,112.22 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs and the work of one expert, Dr. David Simpson. Final Fees Mot. at 1. Dr. Simpson prepared three reports in this case: one initial report, and two supplemental reports. He submitted three invoices, reflecting a total amount of $23,750.00 (47.5 hours of work, billed at a rate of $500 per hour). Mot. at 33-37. All of these costs are commonly incurred in the Vaccine Program, and are reasonable herein. All requested costs shall also be awarded.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** in part Petitioner's Motion for Attorney's Fees and Costs and award a total of **$85,912.12,** reflecting $60,799.90 in attorney's fees and $25,112.22 in costs in the form of a check made jointly payable to Petitioner and his attorney Mr. Tyler Scheuerman.

---

one entry dated 11/28/22, totaling 0.10 hours; one entry dated 12/7/22, totaling 0.10 hours; two entries dated 1/6/23, totaling 0.20 hours; one entry dated 4/25/23, totaling 0.10 hours; one entry dated 6/12/23, totaling 0.10 hours; one entry dated 7/24/23, totaling 0.10 hours; and one entry dated 9/14/23, totaling 0.10 hours. In total, the reduced paralegal rate is applied to 1.4 hours from 2019, 2.7 hours from 2020, 1.1 hours from 2021, 1.0 hours from 2022, and 0.6 hours from 2023. Using the OSM Hourly Rate Schedules for the years 2019 through 2023, the following paralegal rates are applied: $156 per hour for 2019; $163 per hour for 2020; $172 per hour for 2021; $177 per hour for 2022; and $177 per hour for 2023. Accord Sandoval, 2022 WL 3641718, at *2. Thus, the reductions are as follows: $341.60 for 2019 (($400-$156) x 1.4 hours); $639.90 for 2020 )($400-$163) x 2.7 hours); $250.80 for 2021 (($400-$172) x 1.1 hours); $223.00 for 2022 (($400-$177) x 1.0 hours); and $142.80 for 2023 (($415-$177) x 0.6 hours). These reductions total $1,598.10.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[7]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.